UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CASSANDRA B. TENNILLE.,

      Plaintiff,

    v.

WILSON R. TENNILLE, JR.,

      Defendant.

CIVIL ACTION NO.

1:13-CV-1072-CAP

**O R D E R**

This action is before the court on the defendant's motion to dismiss for failure to state a claim [Doc. No. 2].

## I.   Background

In this action, Cassandra Tennille sues her brother Wilson Tennille, Jr. for actions she contends he wrongfully took to deprive her of her inheritance from their mother, Bonnie Tennille.  The plaintiff filed the suit in Fulton County Superior Court, and it was removed by the defendant to this court. The complaint sets forth two substantive causes of action: tortious interference with economic expectancy of the plaintiff (Count One), and intentional inflection of emotional distress (Count Two).  Counts Three and Four are for punitive damages and for expenses of litigation.

## II.   Motion to Dismiss [Doc. No. 2]

In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiffs' favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).  A complaint attacked by a Rule 12(b)(6) motion to dismiss generally does not need detailed factual allegations:

[A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  Ultimately, the complaint is required to contain "only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim," but a complaint must also "provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005).  A pleading that offers mere labels and conclusions or a formulaic recitation of the elements of a cause of action is subject to dismissal.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## A. Tortious Interference with Economic Expectancy (Count I)

In the complaint, the plaintiff alleges that her economic expectancy was altered to her detriment through a series of codicils and amendments may by Bonnie Tennille to her Last Will and Living Trust between 1999 and 2012. Additionally, the plaintiff alleges that her economic expectancy was further altered to her detriment by *inter vivos* gifts and transfers made by Bonnie Tennille to the defendant.

The defendant moves to dismiss Count I arguing that the plaintiff is required to exhaust her challenges to amendments to her mother's will in a probate proceeding.  As to the challenges to the *inter vivos* transfers by her mother to her brother, the defendant contends that the plaintiff lacks standing.

In responding to the motion to dismiss, the plaintiff argues that she is not required to exhaust probate remedies because the damages she seeks are not available in the probate court.  Specifically, the plaintiff contends that the bases for her claim are the *inter vivos* transfers.  The plaintiff does not mention the amendments to her mother's will.  Therefore, the court finds that she has abandoned her challenge to the amendments described in the complaint.

The issue presented is whether the plaintiff has standing to challenge the *inter vivos* transfers from Bonnie Tennille to Wilson Tennille, Jr. Because Bonnie Tennille's estate is being probated in Florida, this court will look to Florida law to determine this issue.

Under Florida law, it is the general duty of the personal representative to settle and distribute the estate.  *See* § 733.602, Fla. Stat. (1993).  The personal representative has specific statutory authority to recover estate assets and determine title to them.  *See* § 733.607(1), Fla. Stat. (1993).  A Florida appellate court has held:

> We see little value in allowing the residual beneficiaries to engage in personal lawsuits to place constructive trusts upon assets that otherwise could be gathered by the personal representative and included within the inventory of the estate. Likewise, we see little value in allowing the beneficiaries to obtain personal monetary judgments that are likely to compete with the personal representative's efforts to settle and distribute the estate.

*All Children's Hosp., Inc. v. Owens*, 754 So. 2d 802, 806 (Fla. Dist. Ct. App. 2000).  Likewise, the Eleventh Circuit has recognized that even if a decedent's estate has a claim for civil theft, under Florida law, it is the personal representative who is authorized to bring an action for the return of estate assets, not a potential beneficiary.  Here, the plaintiff is not the

4

personal representative and therefore cannot challenge the *inter vivos* transfers made by her mother.

### B. Intentional Infliction of Emotional Distress (Count Two)

In Count Two of the complaint, the plaintiff alleges that her brother's conduct was intentional or reckless, extreme and outrageous, and the cause of severe emotional distress, which resulted in damages.  The factual background of the complaint contains allegations that the defendant made false, derogatory statements about the plaintiff and her husband to Bonnie Tennille, friends, and other family members, as well as staff, vendors, suppliers, and customers of the plaintiff's business.

According to the defendant, Georgia law applies to the IIED claim because the plaintiff is located in Georgia and alleges that the tort occurred in Georgia.  The plaintiff does not dispute this contention and cites Georgia law in opposition to the motion to dismiss.  Under Georgia law, there are four essential elements of an action for intentional infliction of emotional distress: "(1) The conduct must be intentional or reckless; (2) The conduct must be extreme and outrageous; (3) There must be a causal connection between the wrongful conduct and the emotional distress; and (4) The emotional distress must be severe." *Jarrard v. United Parcel Serv., Inc.*, 529 S.E.2d 144, 146 (Ga. Ct. App. 2000).  In addition to the above four elements, a plaintiff

claiming IIED who has not suffered a physical impact must demonstrate that the conduct in question was directed at her.  *Jones v. Fayette Family Dental Care, Inc.*, 718 S.E.2d 88, 90 (Ga. Ct. App. 2011).

The defendant points out that the conduct complained of by the plaintiff consists of disparaging statements made by the defendant about the plaintiff to others.  This conduct, the defendant argues, is not actionable under an IIED theory because it was not directed toward the plaintiff. "Defamatory remarks made . . . to the public in general are classic examples of conduct that, though harmful to the plaintiff, was directed toward the hearer of the statements, not to the plaintiff, and thus is not actionable as intentional infliction of emotional distress." *Lively v. McDaniel*, 522 S.E.2d 711, 713 (Ga. Ct. App. 1999).   In response to the motion, the plaintiff concedes that her claim is premised on false and fraudulent assertions made by the defendant to her mother and other family members, which spread throughout the plaintiff's business and social community [Doc. No. 5 at 6]. Therefore, the conduct she complains of is not actionable as an IIED claim.

### C. Punitive Damages and Expenses of Litigation

Because Counts One and Two are due to be dismissed, the derivative claims for punitive damages and expenses of litigation are likewise subject to dismissal.

### III. Conclusion

The defendant's motion to dismiss [Doc. No. 2] is GRANTED.  The action is dismissed without prejudice and the clerk is DIRECTED to terminate this civil action.

**SO ORDERED** this  7th day of October, 2013.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge